UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02971

ENDURANCE WIND POWER INC.,
a British Columbia, Canada, corporation,

       Plaintiff,

       v.

ENDURANCE SOLAR AND ENGINEERING, LLC,
a Colorado limited liability company,

       Defendant.
_____

**COMPLAINT FOR FEDERAL SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN; AND COMMON LAW SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION**
_____

Plaintiff Endurance Wind Power Inc. ("Endurance Wind"), by its undersigned attorneys, in support of its Complaint against Defendant Endurance Solar and Engineering, LLC ("Endurance Solar"), demands a trial by jury and alleges and states upon information and belief as follows:

**INTRODUCTION**

1.    Endurance Wind seeks relief for violations of the Lanham Act, and Colorado common law service mark infringement and unfair competition.

2.    Endurance Wind brings this lawsuit to protect the substantial goodwill that it has developed over the past several years in its distinctive ENDURANCE WIND POWER & Design and ENDURANCE marks (referred to collectively as the "Wind Power ENDURANCE Marks") for renewable energy goods and services, namely goods

and services in the field of wind energy. Endurance Wind's marks have gained a reputation as being sources of high quality goods and services.

3. The goodwill and reputation for quality that Endurance Wind has worked so hard to cultivate has been threatened by Endurance Solar's actions. Endurance Solar has used and continues to use its ENDURANCE and ENDURANCE SOLAR marks, which are confusingly similar to the Wind Power ENDURANCE Marks, to sell related goods and services to those offered by Endurance Wind. Unless Endurance Solar is enjoined from using its ENDURANCE and ENDURANCE SOLAR marks, such use will cause consumer confusion and will cause irreparable harm to Endurance Wind.

4. This action seeks injunctive relief, damages and other appropriate relief arising from Endurance Solar's willful acts of service mark infringement and unfair competition.

## THE PARTIES

5. Plaintiff Endurance Wind Power, Inc. is a British Columbia, Canada, corporation organized and existing under the laws of Canada, and has a principal place of business at 19052 26th Avenue, #107, Surrey, British Columbia, Canada V3S 3V7.

6. Upon information and belief, Defendant Endurance Solar and Engineering, LLC is a corporation organized and existing under the laws of the State of Colorado, and has a principal place of business at 4700 Sterling Drive, Unit D, Boulder, Colorado 80301.

## JURISDICTION AND VENUE

7. This is an action for federal service mark infringement and unfair competition in violation of Sections 32(1) and 43(a) of the Lanham Act (15 U.S.C. §§

1114(1) and 1125(a)).

8. This court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham Act.

9. This court has supplemental jurisdiction over Endurance Wind's state law claims under 28 U.S.C. § 1367.

10. Endurance Solar's acts of infringement of Endurance Wind's marks were committed in the District of Colorado, within the jurisdiction of this Court. Endurance Solar has advertised and marketed its services under the infringing mark in this State.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Endurance Solar may be found or transacts business in this district and the claims alleged arose and are continuing to occur in this district.

## MATERIAL FACTS

12. Endurance Wind owns registered U.S. Trade/Service Mark Reg. No. 4,380,404 (the '404 Registration) for the mark ENDURANCE WIND POWER & Design for

- wind turbines in Class 7;
- installation, maintenance, and repair of wind turbines; and providing information about the installation and repair of wind turbines in Class 37; and
- providing educational and training services, namely, seminars, classes and workshops in the field of wind energy featuring information on how to complete paperwork and obtain permits, approvals and variances for installing and operating wind turbines, about obtaining interconnecting agreements and net metering agreements with power utilities or power cooperatives for wind turbines, and about applying for government and utility incentive programs for wind turbines in Class 41.

The '404 Registration was filed January 13, 2012, registered August 6, 2013, and claims first use and first use in commerce dates for each Class as at least as early as August 2007. Attached as Exhibit A is a copy of the '404 Registration.

13. Endurance Wind owns pending U.S. Service Mark App. Serial No. 85/516,659 (the '659 Application) for the mark ENDURANCE WIND POWER & Design for

- providing business information, advice and consultancy in the field of wind energy, namely, assisting customers in obtaining interconnecting agreements and net metering agreements with power utilities or power cooperatives for wind turbines, and with how to complete paperwork for government and utility incentive programs for wind turbines; and assisting power utilities, power cooperatives and governments by providing them business information used to assist customers in obtaining interconnecting agreements and net metering agreements with power utilities or power cooperatives for wind turbines, and with how to complete paperwork for government and utility incentive programs for wind turbines in Class 35;
- production of wind energy; and providing information, advice and consultancy in the field of the production of wind energy in Class 40; and
- research in the field of wind energy in Class 42.

The '659 Application was filed January 13, 2012 and a Notice of Allowance issued June 2, 2013. Attached as Exhibit B is a printout from the U.S. Patent and Trademark Office (USPTO) website showing the current status of the '659 Application.

14. Endurance Wind owns pending U.S. Trade/Service Mark App. Serial No. 86/098,381 (the '381 Application) for the mark ENDURANCE for

- wind turbines in Class 7 with the first use and first use in commerce dates being at least as early as August 2007;
- providing business information, advice and consultancy in the field of wind energy, namely, assisting customers in obtaining interconnecting agreements and net metering agreements with power utilities or power cooperatives for wind turbines, and with how to complete paperwork for government and utility incentive programs for wind turbines; and assisting power utilities, power cooperatives and governments by providing them

   business information used to assist customers in obtaining interconnecting agreements and net metering agreements with power utilities or power cooperatives for wind turbines, and with how to complete paperwork for government and utility incentive programs for wind turbines; providing data and information pertaining to clean energy and clean energy production; software services, namely the sale, licensing, hosting and/or support of computer software used for energy generation systems, energy management systems and energy consumption analysis; software as a service for the generation, management and consumption of energy in the field of clean energy in Class 35 based on intent-to-use;

- installation, maintenance, and repair of wind turbines; and providing information about the installation and repair of wind turbines in Class 37 with first use and first use in commerce dates being at least as early as August 2007;
- production of wind energy; and providing information, advice and consultancy in the field of the production of wind energy; production of clean energy; and providing information, advice and consultancy in the field of the production of clean energy in Class 40 based on intent-to-use;
- providing educational and training services, namely, seminars, classes and workshops in the field of wind energy featuring information on how to complete paperwork and obtain permits, approvals and variances for installing and operating wind turbines, about obtaining interconnecting agreements and net metering agreements with power utilities or power cooperatives for wind turbines, and about applying for government and utility incentive programs for wind turbines in Class 41 with first use and use in commerce dates claimed as at least as early as August 2007; and
- research in the field of wind energy in Class 42 based on intent-to-use.

The '381 Application was filed October 22, 2013, and claims priority to Canada Application No. 1623387 filed April 22, 2013. Attached as Exhibit C is a printout from the USPTO website showing the status of the '381 Application.

  15. Since at least as early as August 2007, and long prior to the acts alleged herein, Endurance Wind has been continuously and substantially exclusively engaged in selling and offering to sell goods and services indicated in the '404 Registration and the '659 and '381 Applications. Endurance Wind has made at least constructive use of the other services indicated on an intent-to-use basis in the pending applications, as of

5

the respective filing and priority dates indicated in the '659 and '381 Applications in the field of renewable energy, namely in wind energy.

16. Endurance Wind is currently marketing and offering for sale goods and services in the field of wind energy under the distinctive Wind Power ENDURANCE Marks in interstate commerce in the United States, including in the State of Colorado. Such goods and services include those registered in the '404 Registration and identified as in use in the '381 Application. For convenience, Endurance Wind's goods and services will be identified below as the "Wind Energy Goods/Services." Attached as Exhibit D is an example of Endurance Wind's marketing materials *(i.e.,* excerpts from its website at www.endurancewindpower.com) showing use of the distinctive Wind Power ENDURANCE Marks in connection with some of the Wind Energy Goods/Services.

17. Prior to Defendant Endurance Solar's acts alleged herein, and as a result of advertising, widespread sales, and the care and skill exercised by Endurance Wind in rendering its Wind Energy Goods/Services under the Wind Power ENDURANCE Marks, and as a result of the uniform high quality of its Wind Energy Goods/Services, and the public's acceptance thereof, Endurance Wind's Wind Energy Goods/Services have acquired an excellent reputation, as well as celebrity. As a result, the Wind Power ENDURANCE Marks symbolize valuable goodwill that Endurance Wind has created throughout the United States by offering and rendering its Wind Energy Goods/Services of dependable high quality.

18. Upon information and belief, Defendant Endurance Solar offers renewable energy services in the field of solar energy in the form of design, installation and repair services related to solar electrical systems and the sale of products related to solar

6

electrical systems ("the Accused Services") under the service marks ENDURANCE and ENDURANCE SOLAR ("the Accused Marks").

19. Upon information and belief, Endurance Solar first began using the Accused Marks in connection with the Accused Services since beginning on or around September 2011.

20. Upon information and belief, Endurance Solar uses the website www.endurance-solar.com to market and sell the Accused Services under the Accused Marks. An excerpt from the Endurance Solar website is attached as Exhibit E.

21. Endurance Wind has never authorized Endurance Solar's use of the Accused Marks for the Accused Services.

22. Upon information and belief, Endurance Wind began using the Wind Power ENDURANCE Marks for wind energy services before Endurance Solar began using the Accused Marks.

## FIRST CLAIM FOR RELIEF

**(Violations of the Lanham Act: Service Mark Infringement, Unfair Competition, and False Designation of Origin)**

23. Endurance Wind realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

24. Endurance Wind alleges federal service mark infringement and unfair competition under Sections 32(1) and 43(a) of the Lanham Act (15 U.S.C. §§ 1114(1) and 1125(a)).

25. Plaintiff's Wind Power ENDURANCE Marks are inherently distinctive as applied to Endurance Wind's Wind Energy Goods/Services.

7

26. Notwithstanding Endurance Wind's established rights in the Wind Power ENDURANCE Marks, upon information and belief, Endurance Solar adopted and used the confusingly similar Accused Marks in the State of Colorado and interstate commerce in connection with at least one of the Accused Services beginning on or around September 2011.

27. Endurance Solar's ENDURANCE mark is identical and creates the same commercial impression as Endurance Wind's ENDURANCE mark.

28. The dominant feature of Endurance Solar's ENDURANCE SOLAR and ENDURANCE marks is the word ENDURANCE, which is the same dominant feature of Endurance Wind's ENDURANCE WIND POWER & Design and ENDURANCE marks.

29. Upon information and belief, Endurance Solar promotes the Accused Services in some of the same or similar channels, and to the same or similar consumers, as does Endurance Wind.

30. Without Endurance Wind's consent, Endurance Solar has used the Accused Marks in connection with the sale, offering for sale, distribution or advertising of its services, including its Accused Services.

31. Upon information and belief, Endurance Solar has engaged in its infringing activity despite having actual knowledge of Endurance Wind's use of the Wind Power ENDURANCE Marks.

32. Endurance Solar's actions are likely to lead the public to conclude, incorrectly, that the Accused Services originate with or are authorized by Endurance Wind, which will damage both Endurance Wind and the public.

33. Upon information and belief, Endurance Solar has advertised and offered the Accused Services using the Accused Marks with the intention of misleading, deceiving or confusing consumers as to the origin of the Accused Services and of trading on Endurance Wind's reputation and goodwill.

34. Endurance Solar's unauthorized use of the Accused Marks in interstate commerce as described above constitutes service mark infringement and unfair competition under 15 U.S.C. §§ 1114(1) and 1125(a) and is likely to cause consumer confusion, mistake, or deception.

35. Endurance Solar's unauthorized marketing and sale of the Accused Services in interstate commerce using the Accused Marks constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates the Accused Services as originating from or connected with Endurance Wind, and constitutes the use of false descriptions or representations in interstate commerce in violation of 15 U.S.C. §§ 1114(1) and 1125(a).

36. As a direct and proximate result of Endurance Solar's service mark infringement and acts of unfair competition, Endurance Wind has suffered and will continue to suffer loss of income, profits and goodwill and Endurance Solar has and will continue to unfairly acquire income, profits and goodwill.

37. Endurance Solar's service mark infringement and acts of unfair competition will cause further irreparable injury to Endurance Wind if Endurance Solar is not restrained by this Court from further violation of Endurance Wind's rights. Endurance Wind has no adequate remedy at law.

38. Endurance Solar's activities have caused confusion or are likely to cause confusion among Endurance Wind's customers and potential customers.

39. Endurance Solar's activities are done with willful intent to cause confusion.

40. Endurance Solar's actions have caused and will continue to cause irreparable harm and damage to Endurance Wind.

## SECOND CLAIM FOR RELIEF

### (Common Law Service Mark Infringement)

41. Endurance Wind realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

42. Endurance Wind alleges violation of Colorado common law service mark/trademark infringement.

43. Endurance Solar, by the acts complained of herein, has infringed Endurance Wind's common law service mark rights in the Wind Power ENDURANCE Marks, and has otherwise used the reputation and goodwill of Endurance Wind to offer the Accused Services as if they were sponsored or approved by or connected with Endurance Wind.

44. By virtue of the aforesaid acts, Endurance Solar has violated the common law in the State of Colorado because Endurance Solar has attempted to pass off the Accused Services as those of Endurance Wind, thereby causing likelihood of confusion between the Accused Services and the Wind Energy Goods/Services of Endurance Wind.

45. Endurance Wind has no adequate remedy at law for the damages caused thereby.

### THIRD CLAIM FOR RELIEF

### (Common Law Unfair Competition)

46. Endurance Wind realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

47. Endurance Wind alleges unfair competition under the common law of the State of Colorado.

48. Endurance Solar, by the acts complained of herein, has competed unfairly with Endurance Wind and has otherwise used the reputation and goodwill of Endurance Wind to offer the Accused Services as if they were sponsored or approved by or connected with Endurance Wind.

49. Endurance Solar has misappropriated Endurance Wind's Wind Power ENDURANCE Marks, and Endurance Solar's conduct is likely to deceive or confuse the public because of the difficulties in distinguishing between Endurance Wind's Wind Energy Goods/Services and Endurance Solar's Accused Services.

50. Endurance Solar's conduct has caused and likely is continuing to cause consumers to believe, mistakenly and erroneously, that Endurance Solar's Accused Services are affiliated with, related to, sponsored by, derived and/or sourced from Endurance Wind.

51. By virtue of the aforesaid acts, Endurance Solar has violated the common law in the State of Colorado because Endurance Solar has attempted to pass off the Accused Services as those of Endurance Wind, thereby causing likelihood of confusion between the Accused Services and the Wind Energy Goods/Services of Endurance Wind.

52. Endurance Wind has no adequate remedy at law for the damages caused thereby.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Endurance Wind requests judgment including, but not limited to, the following:

a) That Endurance Wind's Wind Power ENDURANCE Marks have been and continues to be infringed by Endurance Solar in violation of 15 U.S.C. §§ 1114(1) and 1125(a);

b) That Endurance Solar's use of the Accused Marks constitutes federal unfair competition and a false designation of origin in violation of 15 U.S.C. § 1125(a);

c) That Endurance Solar's use of the Accused Marks violates Colorado common law service mark infringement and common law unfair competition laws;

d) That Endurance Solar and each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them be permanently enjoined and restrained from using the Accused Marks, or any other designation alone or in combination with other words or symbols, as a service mark, trademark, trade name component or otherwise, to market, advertise, distribute or identify Endurance Solar's services where that designation would create a likelihood of confusion, mistake or deception with the Wind Power ENDURANCE Marks;

e)      Pursuant to 15 U.S.C. § 1116(a), that Endurance Solar be directed to file with the Court and serve on Endurance Wind within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Endurance Solar has complied with the injunction;

f)      That Endurance Solar be ordered to transfer the www.endurance-solar.com domain name to Endurance Wind;

g)      Pursuant to 15 U.S.C. § 1118, that Endurance Solar and all others acting under Endurance Solar's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing designation;

h)      That Endurance Solar be ordered to provide Endurance Wind with an accounting of any and all sales of services which infringe the Wind Power ENDURANCE Marks;

i)      That Endurance Wind be awarded monetary relief including damages sustained by Endurance Wind in an amount not yet determined;

j)      That Endurance Wind be awarded all damages it sustained as the result of Endurance Solar's acts of infringement, unfair competition, and false designation of origin, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

k)      That Endurance Wind be awarded all profits received by Endurance Solar from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

l)   That Endurance Wind be awarded its costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws;

m)   Pursuant to 15 U.S.C. § 1119, that the Director of the U.S. Patent and Trademark Office be enjoined from issuing to Endurance Solar any registration for the Accused Marks or any combination of words or symbols that would create a likelihood of confusion, mistake or deception with the Wind Power ENDURANCE Marks; and

n)   That such other relief be awarded as the Court may deem appropriate.

Dated:  October 31, 2014.                     Respectfully submitted,

                                            s/ Thomas J. Romano
**Thomas J. Romano**
KOLISCH HARTWELL, P.C.
520 S.W. Yamhill Street
200 Pacific Building
Portland, Oregon   97204
Telephone:  (503) 224-6655
FAX:  (503) 295-6679
E-mail:  tromano@khpatent.com

Attorney for Plaintiff
Endurance Wind Power Inc.

19052 26th Avenue, #107,
Surrey,
British Columbia, Canada
V3S 3V7